IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| LEONIDA BREWER,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>CORNERSTONE NUTRITIONAL LABS, L.L.C., a limited liability corporation, CORNERSTONE RESEARCH & DEVELOPMENT, INCORPORATED, a Delaware corporation, BARBARA SEDGWICK, an individual, and JESUS HERNANDEZ NOLAZCO, an individual,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE<br><br><br><br>Case No. 1:05-CV-146 TS |

Defendants' Motion to Strike[1] is before the Court in connection with their Motion for Summary Judgment. In the Motion to Strike, Defendants ask the Court to strike the Declaration of Plaintiff Leonida Brewer for either of two reasons: (1) because it contradicts her deposition testimony and was submitted in an effort to create sham issues of fact; and (2) because it contains testimony that is either not based on personal knowledge or is conclusory.[2]

---

[1] Docket No. 64.

[2] Defendants also ask the Court to strike Exhibits 4, 10, 11, and 12 to Plaintiff's Memorandum in Opposition [Docket No. 56]. However, as these exhibits are not material to the disposition of the Motion for Summary Judgment they need not be stricken from the record.

1

Before discussing Defendants' Motion to Strike, the Court notes that it will not consider Plaintiff's attempts to strike various paragraphs in Defendants' Statement of Undisputed Facts found in Defendants' Memorandum in Support of Motion for Summary Judgment.  In her Memorandum in Opposition to the Motion for Summary Judgment, Plaintiff regularly responds to Defendants' Statement of Undisputed Facts by inserting the phrase "Objection and move to strike."[3]  To the extent that these statements could be considered actual motions, they are not properly before the Court and will not be considered.

*1.  Sham Issue of Fact in the Declaration*

Defendants contend that Plaintiff's Declaration should be stricken in its entirety because a number of its paragraphs directly contradict the testimony given by Plaintiff in her deposition and because it was conveniently submitted with her opposition memorandum more than four months after the deposition, despite no newly discovered evidence.  To the contrary, Plaintiff argues that the Declaration does not contradict her deposition testimony but merely supplements that testimony in areas not covered by Defendants' counsel at the deposition.

Although an affidavit or a declaration—which has the same "force and effect" as an affidavit[4]—may not be disregarded solely because it contradicts prior sworn testimony, "courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue."[5]  This rule is justified by "the conclusion that the utility of summary judgment

---

[3] *See, e.g.*, Pl.'s Mem. Opp. ¶ 25 (Docket No. 56).

[4] 28 U.S.C. § 1746.

[5] *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986).

as a procedure for screening out sham fact issues would be greatly undermined if a party could create an issue of fact merely by submitting an affidavit contradicting his own prior testimony."[6]

In determining whether a contradicting affidavit is offered only to create a sham fact issue, the Court considers the factors outlined in *Franks v. Nimmo*: (1) "whether the affiant was cross-examined during his earlier testimony"; (2) "whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence"; and (3) "whether the earlier testimony reflects confusion which the affidavit attempts to explain."[7] The key is to distinguish "legitimate efforts to supplement the summary judgment record from attempts to create a sham issue of material fact."[8]

Notably, however, the Court must first arrive at a determination that the affidavit actually contradicts the prior testimony. Where a party "was not directly questioned about an issue" at her deposition, she may supplement her deposition testimony with a sworn affidavit without contradicting it.[9] This is so because "[a] deponent is under no obligation to volunteer information not fairly sought by the questioner."[10] However, where a matter has been directly examined at the deposition, the deponent is not free "to alter what was said under oath" without a qualifying justification under the *Franks* factors above.[11]

---

[6]*Id.*

[7]*Id.*

[8]*Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006).

[9]*Id.* at 907.

[10]*Id.*

[11]*See Burns v. Bd. of County Comm'rs of Jackson County*, 330 F.3d 1275, 1282 (10th Cir. 2003) (using the *Franks* analysis to determine whether changes to a deposition under Fed. R.

Plaintiff does not attempt to justify her Declaration based on the *Franks* factors, but rather contends that the Declaration is not contradictory to her deposition testimony and therefore should not be stricken.  As Plaintiff was subject to cross-examination at her deposition and as she does not contend that the Declaration was either based on newly discovered evidence or was submitted to clarify her deposition testimony, whether the Declaration is an attempt to create a sham issue of fact depends entirely on whether it contradicts Plaintiff's deposition testimony.

Having considered the portions of Plaintiff's Declaration[12] and deposition cited by Defendants, the Court finds that Paragraphs 6, 7, and 20, the last sentence of Paragraph 24, and the last sentence of Paragraph 28 of Plaintiff's Declaration are both contradictory to Plaintiff's deposition testimony and relevant to the disposition of Defendants' Motion for Summary Judgment.  However, this does not require that the Declaration—which is nine pages long with thirty-eight paragraphs—be stricken in its entirety.  Rather, the Court will simply disregard the objectionable material for purposes of Defendants' Motion for Summary Judgment.

*2. Other Objections to the Declaration*

Defendants also argue that Plaintiff's Declaration should be stricken because "it contains assertions outside of her personal knowledge, relying instead upon speculation, unfounded legal conclusions, inappropriate argument and her own subjective belief."[13]

Federal Rule of Civil Procedure 56(e) requires that affidavits submitted in connection with a motion for summary judgment must "be made on personal knowledge."  "Under the

---

Civ. P. 30(e) constituted an attempt to create a sham issue of fact) (internal quotations omitted).

[12]Specifically Paragraphs 1, 2, 4, 6, 7, 15, 16, 20, 23-24, 26-27, 28, 29, 30, 32, and 34-37.

[13]Defs.' Mem. Supp. (Docket No. 65).

personal knowledge standard, an affidavit is inadmissible if the witness could not have actually perceived or observed that which he testifies to."[14]  "At the summary judgment stage, evidence need not be submitted 'in a form that would be admissible at trial.'"[15]  Rather, "the content or substance of the evidence must be admissible."[16]  However, "[c]onclusory allegations made by a non-movant will not suffice" to "establish the existence of a triable issue of fact."[17]

Without exception, the portions of Plaintiff's Declaration challenged by Defendants that are material to the disposition of the Motion for Summary Judgment are based on Plaintiff's personal knowledge.  For example, Defendants take issue with the statement "[Barbara Sedgewick] made it clear to us that she was in charge and that any problems should be reported to her."[18]  Although this is conclusory, it is not outside Plaintiff's range of personal knowledge.  Thus, Plaintiff's Declaration may not be disregarded based on a lack of personal knowledge.

However, much of the material in the Declaration that the Defendants' ask the Court to strike is indeed either conclusory or speculative.  Yet, even these portions of the Declaration need not be stricken from the record.  Rather, in evaluating Defendants' Motion for Summary Judgment, conclusory or speculative material will not establish a triable issue of fact.

---

[14]*Argo v. Blue Cross and Blue Shield, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (internal quotation marks omitted).

[15]*Id.* at 1199 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

[16]*Id.* (quoting *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 485 (10th Cir. 2005)).

[17]*United States v. Simons*, 129 F.3d 1386, 1389 (10th Cir. 1997) (quoting *Pasternak v. Lear Petroleum Exploration*, 790 F.2d 828, 832 (10th Cir. 1986)).

[18]Defs.' Mem. Supp. 6 (Docket No. 65).

In summary, although the Court will—for the reasons discussed above—disregard Paragraphs 6, 7, and 20, the last sentence of Paragraph 24, and the last sentence of Paragraph 28 of Plaintiff's Declaration when considering Defendants' Motion for Summary Judgment, the Court will not strike the Declaration in its entirety.

Accordingly, it is hereby

ORDERED that Defendants' Motion to Strike [Docket No. 64] is DENIED.

DATED   January 25, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge